12-4603
Gao v. Holder

BIA
A099 023 587

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

XU XUI GAO, AKA XUXUI GAO, AKA XUESUI GAO,
> *Petitioner*,

v.                                   12-4603
                                     NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan P. Hogan, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xu Xui Gao, a native and citizen of China, seeks review of an October 23, 2012, decision of the BIA denying his motion to reopen. *In re Xu Xui Gao*, No. A099 023 587 (B.I.A. Oct. 23, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review the BIA's factual findings regarding country conditions under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien must move to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Although Gao's motion was indisputably untimely because it was filed more

2

than three years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for moving to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Gao failed to demonstrate materially changed country conditions excusing the untimely filing of his motion to reopen. The Country Reports submitted demonstrate that unregistered churches in China faced varying degrees of interference with their religious practices since at least 2005–the date of the earliest Country Report filed in connection with Gao's 2007 merits hearing–and had not materially worsened between 2007 and 2011. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence

3

of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Gao's claim that the BIA "misconstrued" his motion also fails, since his conversion to Christianity was a self-induced change made after he was ordered removed and thus constitutes changed personal circumstances, as opposed to changed country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) ("A self-induced change in personal circumstances cannot suffice" to establish "changed country conditions").

Contrary to Gao's argument, the BIA did not abuse its discretion in discounting the unsworn letters submitted with Gao's motion to reopen. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from friends because they were written by interested witnesses not subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Further, these letters had no bearing on changed country conditions. *See In re S-Y-G-*, 24 I. & N. Dec. at 253. Accordingly, the BIA did not abuse its discretion in denying Gao's motion to reopen as untimely, and we must deny the petition for review. *See* 8 U.S.C. § 1229a(c)(7)(C).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk